IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GREAT BAY CONDOMINIUM** | * | |
| **OWNERS ASSOCIATION, INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. PJM 10-658 |
| | * | |
| **6101 GARDENIA, LLC** | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Great Bay Condominium Owners Association, Inc. ("GBCOA") sued Defendant 6101 Gardenia, LLC ("Gardenia") in the Superior Court of the Virgin Islands seeking to recover $10,000 in unpaid maintenance dues and assessments associated with Gardenia's ownership interest in a property at the Ritz Carlton Club in St. Thomas. LaTonya Brooks, who is neither a party to this action, nor an attorney licensed to practice in this jurisdiction, filed a Notice of Removal on March 16, 2010 listing herself as an "Agent" for Gardenia and as "Pro Se Defendant." The case was removed to this Court and Plaintiff subsequently filed a Motion to Remand and For Costs [Paper No. 10]. Gardenia remains unrepresented by counsel in this matter. However, Brooks, apparently the sole member of Gardenia, has filed a Motion for Leave to Intervene [Paper No. 11] *pro se*.

GBCOA argues that a federal court has no subject matter jurisdiction over a simple small claims matter seeking $10,000 for failure to pay condominium dues and assessments and that even if it did have jurisdiction, the case would only be properly removable to the United States District Court of the Virgin Islands, pursuant to 28 U.S.C. 1446(a). GBCOA further states in its

1

supporting affidavit that it has incurred $2,960 in attorney's fees as a result of and in response to Defendant Gardenia's removal to this Court.

The Court agrees with GBCOA. There is no jurisdictional basis whatsoever for removal of a simple small claims dispute over unpaid homeowners' association fees in St. Thomas to any federal district court, much less the federal district court in Maryland. Moreover, the Court notes that Gardenia, a limited liability company, is still not represented by counsel in this matter and that Brooks, who is neither a party to this action, nor a licensed attorney in this jurisdiction, had no authority to remove this case on behalf of Gardenia in the first place.

Accordingly, GBCOA's Motion to Remand and for Costs [Paper No. 10] is **GRANTED** and the Court awards GBCOA $2,960 in attorney's fees against Latonya Brooks personally. Brooks' *pro se* Motion for Leave to Intervene [Paper No. 11] is **DENIED**.

A separate Order will **ISSUE**.

                                    **/s/**
                            **PETER J. MESSITTE**
                     **UNITED STATES DISTRICT JUDGE**

**May 7, 2010**